**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CLAUDIA ALBARRAN PEDRAZA,** as Next Friend of C.M.J.A., a Minor | § § § | |
| **VS.** | § § | **CIVIL ACTION NO. ____** |
| **CEDAR HILL INDEPENDENT SCHOOL DISTRICT** | § § § | **JURY DEMANDED** |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, CLAUDIA E. ALBARRAN PEDRAZA, AS NEXT FRIEND AND REPRESENTATIVE OF THE ESTATE OF C.M.J.A., A MINOR, PLAINTIFF, AND FILES THIS HER ORIGINAL COMPLAINT AGAINST CEDAR HILL INDEPENDENT SCHOOL DISTRICT, DEFENDANT, AND WOULD RESPECTFULLY SHOW THE FOLLOWING:

**I. STATEMENT OF CLAIMS**

1.1    Plaintiff complains that Cedar Hill Independent School District knowingly condoned and refused to follow and enforce the stated federal policy under the Individuals with Disabilities Act (IDEA) of establishing

and enforcing an Individualized Educational Plain (IEP) for a child with a disability. The school district's intentional failure to establish and follow an IEP for Plaintiff C.M.J.A. was the proximate cause of her choking death at Highlands Elementary school in Cedar Hill, Texas.

1.2    The Cedar Hill Independent School District, entrusted with the sacred duty of nurturing and educating our children, failed C.M.J.A. not out of mere oversight, but through a series of conscious decisions to ignore her specific educational and safety needs. This was not an isolated incident of negligence, but a pattern of behavior that shows a disturbing disregard for the rights and well-being of students with disabilities. The tragic loss of C.M.J.A. is a direct result of this systemic failure, and it is a call to action for accountability and justice.

## II. JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction over this action pursuant to 20 U.S.C. § 1400 et. seq. and 42 U.S.C. § 1983, as the matter in controversy includes federal constitutional claims brought by the Plaintiff. Additionally, the claims asserted herein arise under the Constitution, laws, or treaties of the United States, thereby providing federal question jurisdiction under 28 U.S.C. § 1331.

2.2     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the events complained of occurred within this District and Division. Plaintiff C.M.J.A. attended school in Cedar Hill, Texas where she was discriminated against, the school district failed to accommodate her disabilities and follow an IEP, and the school district's recklessness was the proximate cause of Plaintiff C.M.J.A.'s death.

2.3     This Court has personal jurisdiction over the parties in this case because the defendant(s) reside in, conduct business in, or have committed acts within the Northern District of Texas that gave rise to the claims asserted herein. Furthermore, the Defendant has sufficient minimum contacts with the Northern District of Texas to satisfy due process requirements, ensuring that the exercise of jurisdiction over the Defendant does not offend traditional notions of fair play and substantial justice.

### III. PARTIES

3.1     **Plaintiff**: CLAUDIA E. ALBARRAN PEDRAZA, as next friend of C.M.J.A., a minor, (hereinafter referred to as "Plaintiff"), who resides at 105 Sagittarius Dr., Cedar Hill, TX 75105. Plaintiff is a citizen of the State of Texas.

3.2     **Defendant**: Cedar Hill Independent School District (hereinafter referred to as "CHISD"), which is located at 285 Uptown Blvd, Suite 300,

Cedar Hill, Texas 75104. CHISD is a governmental entity organized under the laws of the State of Texas and is domiciled in Texas. It may be served through Dr. Gerald Hudson, Superintendent of Cedar Hill Independent School District, who may be served at his place of business, 285 Uptown Blvd, Suite 300, Cedar Hill, Texas 75104. Dr. Hudson is a citizen of the State of Texas.

## IV. STATEMENT OF FACTS

4.1    Minor Plaintiff, C.M.J.A., a four-year-old girl diagnosed with Down Syndrome, was enrolled at Highlands Elementary School, located at 131 Sims Dr, Cedar Hill, TX 75104 in Dallas County, for the 2022-2023 school year.

4.2    Upon enrollment, the Defendant failed to provide C.M.J.A. with an Individualized Education Plan (IEP), despite her known special needs associated with Down Syndrome.

4.3    C.M.J.A. was the only student with special needs at Highlands Elementary School and was not assigned adequate supervision or provided with necessary educational accommodations, including the failure to provide an appropriate procedure for C.M.J.A.'s bathroom needs, leaving her to regularly soil herself without any alternative other than to wait for a family member to come to the school to clean her.

4.4    On January 20, 2023, during a lunch break at the school's cafeteria, C.M.J.A. was provided a sausage-on-a-stick meal by the Cedar Hill Independent School District.

4.5    While consuming the meal, C.M.J.A. began to choke due to an obstruction of her airways caused by the food.

4.6    A school district employee present at the scene attempted to assist C.M.J.A. and alerted the school's nurse to the emergency.

4.7    Emergency Medical Services (EMS) were called to the scene.

4.8    Upon the arrival of EMS, the school nurse suspended care, and EMS personnel took over the emergency response.

4.9    Despite the efforts of the school nurse and EMS personnel, C.M.J.A. exhibited no vital signs of life and subsequently died in the care of school district personnel and EMS responders.

4.10    Throughout her time at Highlands Elementary School, C.M.J.A. was often isolated from her classmates and did not receive educational resources tailored to her needs as a student with Down Syndrome.

## V. CAUSES OF ACTION

**CLAIM FOR CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)**

5.1    The Defendant, through its actions and omissions, deprived the Minor Plaintiff, C.M.J.A., of rights, privileges, or immunities secured by the

Constitution and laws of the United States, specifically under the Fourteenth Amendment which guarantees equal protection and due process under the law.

5.2    At all relevant times, the Defendant's employees were acting under color of state law as and representatives of the Highlands Elementary School and the Cedar Hill Independent School District.

5.3    The Defendant had a legal duty to provide a free appropriate public education to all students, including those with disabilities, under the Individuals with Disabilities Education Act (IDEA), which includes the obligation to develop and implement an Individualized Education Program (IEP) tailored to the specific needs of each disabled student.

5.4    The Minor Plaintiff, C.M.J.A., was a four-year-old student with Down Syndrome, a recognized disability under the IDEA, and was enrolled at Highlands Elementary School.

5.5    Despite her known disability, the Defendant failed to develop and implement an IEP for C.M.J.A., thereby denying her access to educational benefits and opportunities afforded to other non-disabled students, in violation of her rights under the IDEA and the Equal Protection Clause of the Fourteenth Amendment.

5.6    On or about January 20, 2023, while in the care of the Defendant, C.M.J.A. choked on food during lunch at the school's cafeteria, due to the Defendant's failure to provide necessary dietary restrictions, supervision, and immediate care tailored to her needs as a student with Down Syndrome.

5.7    The Defendant's failure to provide an IEP and appropriate supervision and support to C.M.J.A. directly resulted in her death, constituting a gross negligence and a deprivation of her right to life and safety under the Due Process Clause of the Fourteenth Amendment.

5.8    Furthermore, the Defendant isolated C.M.J.A. from her classmates and failed to integrate her with other students, denying her the social interaction and educational environment conducive to her learning and development, contrary to the principles of equal protection and educational equity mandated by federal law.

5.9    The actions and omissions of the Defendant were intentional, willful, and in reckless disregard of the rights of C.M.J.A., and were done with deliberate indifference to the health, safety, and educational needs of a child with a recognized disability.

5.10    As a direct and proximate result of the Defendant's violations of the civil rights of C.M.J.A., she died unnecessarily, and her next friend Claudia

E. Albarran Pedraza suffered significant losses including but not limited to emotional distress, loss of companionship, and other damages.

**CLAIM FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

5.11    The Americans with Disabilities Act (ADA) requires public entities, including educational institutions, to provide appropriate and necessary accommodations for individuals with disabilities to ensure non-discriminatory treatment and equal access to benefits and services provided by the public entity.

5.12    Defendant, CHISD, is a public entity as defined under Title II of the ADA, in Dallas County, and is therefore subject to the requirements of the ADA.

5.13    Minor Plaintiff, C.M.J.A., is a qualified individual with a disability within the meaning of the ADA, specifically having been diagnosed with Down Syndrome, a recognized disability under the ADA that substantially limits one or more major life activities.

5.14    Defendant failed to provide necessary accommodations to Minor Plaintiff, C.M.J.A., by not developing and implementing an Individualized

Education Program (IEP) or any equivalent plan tailored to address her specific educational and supervisory needs arising from her disability.

5.15   Despite being aware of Minor Plaintiff's disability and special needs, as evidenced by her enrollment records indicating her condition of Down Syndrome, Defendant neglected to assign adequate resources or personnel that were essential for providing the supervision and support required by Minor Plaintiff during school hours.

5.16   On or about January 20, 2023, Minor Plaintiff experienced a life-threatening incident at the school premises where she began to choke on food during lunch, an event that could have been prevented or appropriately addressed had Defendant provided the necessary on-site accommodations, including proper mealtime supervision and immediate medical response tailored to her needs.

5.17   The failure of Defendant to ensure adequate supervision and emergency response for Minor Plaintiff, a known student with Down Syndrome, directly contributed to the circumstances leading to her tragic death, demonstrating a clear neglect of the duty to provide reasonable modifications and accommodations required under the ADA.

5.18   By failing to implement necessary accommodations and modifications for Minor Plaintiff, Defendant discriminated against her on the basis of her

disability, denying her the benefits of the services, programs, or activities of Highlands Elementary School, in violation of Title II of the ADA.

**CLAIM FOR VIOLATION OF THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA 20 U.S.C. § 1400 et seq)**

5.19    Under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., all children with disabilities are entitled to a free appropriate public education (FAPE) that is tailored to their individual needs.

5.20    Plaintiff alleges that Defendant failed to provide C.M.J.A., a minor with Down syndrome, with a free appropriate public education in violation of IDEA.

5.21    IDEA mandates that school districts identify, locate, and evaluate all children with disabilities within their jurisdictions who are in need of special education and related services.

5.22    Defendant was aware, or should have been aware, of C.M.J.A.'s disability upon her enrollment at Highlands Elementary School, yet failed to perform an adequate evaluation to identify her educational needs related to her Down syndrome.

5.23   Under IDEA, an individualized education program (IEP) must be developed, reviewed, and revised for each child with a disability.

5.24   Defendant failed to develop an IEP for C.M.J.A., thereby denying her the specialized instruction and educational services necessary to meet her unique needs as a student with Down syndrome.

5.25   IDEA requires that children with disabilities be educated in the least restrictive environment appropriate to meet their needs.

5.26   Plaintiff alleges that C.M.J.A. was often separated from her non-disabled peers, indicating a failure by Defendant to integrate her into a less restrictive environment, contrary to the requirements of IDEA.

5.27   The lack of appropriate supervision and necessary educational adjustments directly contributed to C.M.J.A.'s vulnerability and the tragic incident on January 20, 2023, where she choked and subsequently passed away.

5.28   By failing to adhere to the stipulations of IDEA, Defendant has deprived C.M.J.A. of educational opportunities and benefits afforded to other non-disabled students at Highlands Elementary School.

5.29    Defendant's actions and omissions constitute a breach of their legal duties under IDEA to provide a free appropriate public education tailored to C.M.J.A.'s needs as a child with disabilities.

## VI. DAMAGES

6.1    WHEREFORE, Plaintiff, CLAUDIA E. ALBARRAN PEDRAZA, Individually, and as next friend of C.M.J.A., a minor, respectfully prays this Court:

a. Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim;

b. Pre and post-judgment interest at the maximum rate allowed by law;

c. Issue a judicial determination of the rights, duties, and obligations of the parties hereto;

d. Award Plaintiff actual damages in an amount to be determined at trial, which exceeds $1,000,000, and with the appropriate multiplier;

e. Grant Plaintiff the maximum economic, non-economic, actual, statutory, emotional, general, punitive, and other damages available;

f. Award Plaintiff attorney fees with the appropriate multiplier plus costs and expenses of litigation; and

g. Award such other relief, in law or equity, to which she may be entitled

and as the Court deems appropriate.


## VII. DEMAND FOR JURY


7.1    CLAUDIA E. ALBARRAN PEDRAZA, as next friend of C.M.J.A.

("Minor Plaintiff"), hereby demands a jury trial on all claims and issues.


Respectfully submitted,
**KELLY T. CURRAN LAW FIRM**


_____

**MOSES CAGE, III**
State Bar No. 24055247
Midtown Office Center
5720 LBJ Fwy., Ste. 440
Dallas, Texas 75240
Phone: (469) 730-3007
Fax:    (469) 458-2993
E-Service: ktclawfirm@gmail.com
E-mail: moses@ktclawfirm.com

**ATTORNEY FOR PLAINTIFF**