UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLAUDIA ALBARRAN PEDRAZA, § <br> as Next Friend of C.M.J.A., a Minor, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> CEDAR HILL INDEPENDENT § <br> SCHOOL DISTRICT, § <br> § <br> *Defendant*. § | Civil Action No. 3:24-cv-02249-B |

**DEFENDANT CEDAR HILL INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT AND BRIEF IN SUPPORT**

Defendant Cedar Hill Independent School District ("Defendant" or " School District") files this *Motion to Dismiss Plaintiff's Original Complaint and Brief in Support* ("Motion") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support, the School District respectfully shows the Court as follows:

**TABLE OF CONTENTS**

I. SUMMARY OF MOTION AND FACTUAL BACKGROUND ........................................... 1

II. ARGUMENT & AUTHORITY ................................................................................... 3

    A. Legal standard for Rule 12(b)(6) ................................................................................. 3

    B. Legal standard for Rule 12(b)(1) ................................................................................. 3

    C. Plaintiff lacks standing and capacity. ........................................................................... 4

    D. Plaintiff fails to allege facts sufficient to delineate which substantive violation is at issue under Plaintiff's Section 1983 claim. ........................................................................ 7

    E. Plaintiff fails to allege an official policy as the moving force behind a constitutional violation, which is required to support any Section 1983 claim. ................................. 8

    F. Plaintiff fails to allege facts sufficient to support causation for any claim. .................11

    G. Plaintiff seeks damages unavailable by law. ............................................................. 12

III. REQUEST FOR RELIEF ......................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Springtown Indep. Sch. Dist.*, No. 4:22-CV-00695-BP, 2023 WL 2518858, at *4 (N.D. Tex. Mar. 14, 2023) ............................................................................................................. 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................. 3

*Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) ..................................... 4, 5

*Barnes v. Gorman*, 536 U.S. 181, 189 (2002) ............................................................................. 12

*Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) ....................................................................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ................................................................. 3

*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266 (1981) .............................................. 12

*Clayton v. U.S. Xpress, Inc.*, 538 F. Supp. 3d 707, 711 (N.D. Tex. 2021) ............................. 4, 5, 6

*De Paz Gonzalez v. Duane*, No. 21-11258, 2023 WL 5769339, at *5 (5th Cir. Sept. 6, 2023) ....11

*Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) .............................................. 8

*Est. of Navarro v. Seattle Bank*, 2023 WL 7783083, at *2 (W.D. Tex. Nov. 14, 2023) ................ 4

*Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) ....................................... 8

*Georgalis v. State Fair of Texas*, No. 3:23-CV-1682-B, 2024 WL 4647718, at *3 (Hon. Judge Boyle, N.D. Tex. Oct. 31, 2024) ............................................................................................ 3

*Greener v. Cadle Co.*, 298 B.R. 82, 87 (N.D. Tex. 2003) ............................................................. 4

*Holley v. Italy Indep. Sch. Dist.*, No. 3:23-CV-1239-BN, 2024 WL 1396275, at *5 (N.D. Tex. Mar. 31, 2024) .................................................................................................................. 9, 10

*J.W. v. Paley*, 81 F.4th 440, 448 (5th Cir. 2023) ......................................................................... 12

*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) ........................................................... 9

*Kallinen v. Newman*, No. 22-20383, 2023 WL 2645555, at *2 (5th Cir. Mar. 27, 2023) ............... 7

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) .................................................................. 8, 9

*Moore v. Dallas Indep. Sch. Dist.*, 370 F. App'x 455, 457 (5th Cir. 2010) .................................... 8

*Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) ................... 4

*Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004) ...................................................................... 5

*Reese v. Monroe Cnty. Sheriff's Dep't*, 327 F. App'x 461, 464 (5th Cir. 2009) ............................. 9

*Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 248 (5th Cir. 2003) ....................................... 9

*Sanchez v. Young Cnty.*, Tex., 956 F.3d 785, 791 (5th Cir. 2020) ................................................ 9

*Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998) .................................................................. 6

*Skyy v. City of Arlington*, 712 F. App'x 396, 401 (5th Cir. 2017) ............................................... 12

*Slade v. City of Marshall, Tex.*, 814 F.3d 263, 264 (5th Cir. 2016) ............................................ 11

*Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) ................................................... 3

*Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) ............................. 9

*Taya Agric. Feed Mill Co. v. Byishimo*, No. 22-20239, 2022 WL 17716383, at *2, n. 2 (5th Cir. Dec. 14, 2022) ............................................................................................................................. 11

*Turk v. Mangum*, 268 F. Supp. 3d 928, 931 (S.D. Tex. 2017) .................................................. 5, 6

*Turk v. Mangum*, 268 F. Supp. 3d 928, 934 (S.D. Tex. 2017) ..................................................... 6

*W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005) .................................................... 11, 12

*White v. Texas*, No. 4:23-CV-00925-P, 2023 WL 8074126, at *3 (N.D. Tex. Nov. 21, 2023), *aff'd*, No. 23-11190, 2024 WL 1826245 (5th Cir. Apr. 26, 2024) ........................................................ 4

*Whitley v. Hanna*, 726. F.3d 631, 638 (5th Cir. 2013) .................................................................. 7

*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) ............................................................. 4


**Statutes and Rules**

42 U.S.C. § 1988 ............................................................................................................................. 5

42 U.S.C. § 1983 ..................................................................................................................... passim

42 U.S.C. § 1981 ............................................................................................................................. 5

Fed. R. Civ. P. 12(b)(1) ...................................................................................................... i, 3, 6, 7

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ passim

Fed. R. Civ. P. 8(a)(1) .................................................................................................................... 4

Tex. Civ. Prac. & Rem. Code § 71.004(a) .................................................................................... 5

Tex. Civ. Prac. & Rem. Code § 71.021(b) .................................................................................... 6

Tex. Educ. Code. § 11.151(b) ........................................................................................................ 9

Tex. Est. Code § 101.001, *et seq* .................................................................................................. 6

## I. SUMMARY OF MOTION AND FACTUAL BACKGROUND

Plaintiff filed this lawsuit against a public school district: a governmental entity and political subdivision of the State of Texas. [Doc. 1 at ¶ 3.2]. Plaintiff alleges the School District negligently failed to prevent the tragic accident of an elementary student choking on food during lunch and subsequently passing away. [*Id*. at ¶ 5.6-5.7, 1.2]. Because negligence claims against Texas public school districts are generally barred by the Texas Tort Claims Act, Plaintiff attempts to shoehorn this case into three inapposite causes of action: (1) Section 1983 (civil rights); (2) ADA (Americans with Disabilities Act); and (3) IDEA (Individuals with Disabilities Education Act). [*Id*. at ¶ 5.1-5.29]. In short, for multiple reasons, Plaintiff fails to allege facts sufficient to state a plausible claim or confer subject matter jurisdiction.

First, Plaintiff lacks standing and capacity. In a suit related to a decedent's passing, there are two types of claims: wrongful-death claims and survival claims. A wrongful-death claim compensates the decedent's beneficiaries for recoverable loss the beneficiaries sustained. A survival claim compensates the decedent's estate for recoverable loss the decedent sustained. For both, a plaintiff must allege facts sufficient to confer standing and capacity (i.e., status as statutory beneficiary and authority to sue and recover on behalf of the decedent's estate). Here, Plaintiff does neither. Plaintiff does not allege how she is related to decedent, nor the basis for any authority to sue on behalf of decedent's estate. Therefore, Plaintiff lacks standing and capacity.

Second, Plaintiff fails to allege which substantive rights are at issue under Plaintiff's Section 1983 claim. [*Id*. at ¶ 5.1-5.10]. Plaintiff generally references unenumerated "rights, privileges, or immunities by the Constitution and laws of the United States," as well as equal protection under the Fourteenth Amendment, due process under the Fourteenth Amendment (not clear whether substantive due process, or procedural due process), and an obligation to develop an

Individualized Education Program (IEP) under the IDEA. [*Id*.]. Importantly, Section 1983 is not a substantive right, it is merely the vehicle to litigate such rights. Here, Plaintiff fails to allege facts to reasonably delineate which substantive rights are at issue. And without even reasonably identifying the substantive rights at issue, Plaintiff also fails to allege facts supporting the elements of such substantive rights. Thus, Plaintiff fails to plead facts sufficient to reach the plausibility threshold. Plaintiff fails to state a claim.

Third, Plaintiff fails to allege facts sufficient to plead a Section 1983 claim against a governmental entity: (1) an official policy; (2) policymaking authorities with knowledge of such official policy; and (3) constitutional violation whose moving force is that official policy. For a public school district, the policymaking authority is the board of trustees. Plaintiff fails to identify any official policy, how the School District's Board could have known of the unidentified policy, or how the unidentified policy was the "moving force" behind the alleged, unenumerated constitutional violations. Plaintiff fails to state a claim.

Fourth, Plaintiff fails to allege facts that could plausibly support causation for any of the claims. Plaintiff alleges the School District's omissions "directly contributed to C.M.J.A.'s vulnerability and the tragic incident on January 20, 2023." [Doc. 1 at ¶ 5.27]. The School District vigorously denies any wrongdoing. But even when Plaintiff's allegations are assumed true, contributing to an accident does not satisfy but-for causation nor foreseeability (i.e., no proximate causation). Conjecture and speculation do not satisfy causation. Plaintiff fails to state a claim.

Lastly, Plaintiff seeks damages unavailable by law. Punitive damages are not available for any of Plaintiff's claims, and the IDEA does not permit compensatory damages. Plaintiff's claims seeking those unavailable remedies should be dismissed with prejudice.

## II.  ARGUMENT & AUTHORITY

### A.  Legal standard for Rule 12(b)(6)

The Court must dismiss a complaint if it does not "state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Georgalis v. State Fair of Texas*, No. 3:23-CV-1682-B, 2024 WL 4647718, at *3 (Hon. Judge Boyle, N.D. Tex. Oct. 31, 2024) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### B.  Legal standard for Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014); Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Absent jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id*.; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction lies with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

A proper pleading must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). "The Court may dismiss for lack of subject matter jurisdiction on any one of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts related to the subject matter jurisdiction issue." *White v. Texas*, No. 4:23-CV-00925-P, 2023 WL 8074126, at *3 (N.D. Tex. Nov. 21, 2023), *aff'd*, No. 23-11190, 2024 WL 1826245 (5th Cir. Apr. 26, 2024) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

**C.      Plaintiff lacks standing and capacity.**

"A party must have both standing to sue and capacity to sue." *Clayton v. U.S. Xpress, Inc.*, 538 F. Supp. 3d 707, 711 (N.D. Tex. 2021) (citing *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005)). "A plaintiff has *standing* when she is personally aggrieved, regardless of whether she is acting with legal authority; a party has *capacity* when she has the legal authority to act, regardless of whether she has a justiciable interest in the controversy." *Id*. (cleaned up) (citing *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist*., 925 S.W.2d 659, 661 (Tex. 1996)). "Capacity is a party's legal authority to go into court and prosecute or defend a suit, whereas standing is a party's justiciable interest in the suit and is a component of subject matter jurisdiction." *Greener v. Cadle Co*., 298 B.R. 82, 87 (N.D. Tex. 2003) (citing *Nootsie v. Williamson Cnty*., 925 S.W.2d at 661)). "Whether a party has the capacity to sue or be sued is a legal question that may be decided at the Rule 12 stage." *Est. of Navarro v. Seattle Bank*, 2023 WL 7783083, at *2 (W.D. Tex. Nov. 14, 2023). As shown below, Plaintiff does not allege facts sufficient to confer standing nor capacity under either a wrongful death claim or survival claim.

First, Texas law determines whether Plaintiff has standing and capacity to bring wrongful death or survival claims: "[A] party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988." *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004); *Turk v. Mangum*, 268 F. Supp. 3d 928, 931 (S.D. Tex. 2017) ("In a wrongful death or survival action brought under 42 U.S.C. § 1983, a party must have standing under the state wrongful death and survival statutes."). Generally, a wrongful-death claim compensates surviving *beneficiaries* for recoverable loss the *beneficiaries* sustained because of the decedent's passing. *Clayton v. U.S. Xpress*, 538 F. Supp. 3d at 711-13. In contrast, a survival claim compensates the *decedent's estate* for recoverable loss the *decedent* sustained. *Id*. at 713-14.

Under the Texas Wrongful Death Statute ("TWDS"), "An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased." Tex. Civ. Prac. & Rem. Code § 71.004(a). Only a statutory beneficiary has standing and capacity to bring suit on behalf of a decedent. *Clayton v. U.S. Xpress*, F. Supp. 3d at 713 ("Because [plaintiff] is not a statutory beneficiary, [plaintiff] does not have standing or capacity to assert a wrongful death claim on [decedent's] behalf.").

Here, Plaintiff identifies herself as "Claudia E. Albarran Pedraza, as next friend of C.M.J.A., a minor." [Doc. 1 at ¶ 3.1]. Plaintiff alleges C.M.J.A. died on or around January 20, 2023. [Doc. 1 at ¶ 5.6-5.10]. However, Plaintiff fails to allege facts sufficient to show the requisite relationship to C.M.J.A. to qualify Plaintiff as a statutory beneficiary under the TWDS. Tex. Civ. Prac. & Rem. Code § 71.004(a); *Clayton v. U.S. Xpress*, F. Supp. 3d at 713; *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d at 848; *Pluet v. Frasier*, 355 F.3d at 383. Therefore, Plaintiff lacks standing and capacity to bring any wrongful death claim.

Under the Texas Survival Statute ("TSS"), an "action survives to and in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code § 71.021(b). "A deceased's estate has standing to bring a survival action, not individuals; but limited classes of persons are statutorily granted capacity to bring the survival action on behalf of the estate." *Turk v. Mangum*, 268 F. Supp. 3d 928, 934 (S.D. Tex. 2017). "[G]enerally, personal representatives of the decedent's estate are the only people entitled to sue to recover estate property." *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998). Thus, to recover for a survival claim, the claimant must be qualified to recover on behalf of the estate. *Clayton v. U.S. Xpress*, F. Supp. 3d at 714 ("Since [plaintiff] is not an heir of [decedent], [plaintiff] lacks standing and capacity to bring her survival claim."). This follows the blackletter law that immediately upon death, property belonging to the deceased, including a cause of action (if any), vests in the decedent's estate to be distributed pursuant to the Texas Estate Code and applicable law. Tex. Est. Code § 101.001, *et seq*. (Passage of Estate of Decedent's Death).

Here, Plaintiff does not allege any facts qualifying her to recover on behalf of C.M.J.A.'s estate. For example, there are no allegations pertaining to a will or intestate distribution, nor does Plaintiff allege anything regarding the status of C.M.J.A.'s estate administration, or who may or may not be qualified to act on behalf of C.M.J.A.'s estate. As such, Plaintiff fails to allege facts sufficient to qualify her to recover under the TSS. Tex. Civ. Prac. & Rem. Code § 71.021(b); *Turk v. Mangum*, 268 F. Supp. at 934; *Shepherd v. Ledford*, 962 S.W.2d at 31; *Clayton v. U.S. Xpress*, F. Supp. 3d at 714; Tex. Est. Code § 101.001. Therefore, Plaintiff lacks standing and capacity to bring any survival claim.

Because Plaintiff lacks standing and capacity, all of Plaintiff's claims should be dismissed under Rules 12(b)(1) and 12(b)(6). Plaintiff did not allege facts sufficient to show capacity (i.e.,

legal authority to bring any of the claims asserted); therefore, dismissal is proper for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Plaintiff also did not allege facts sufficient to show standing; therefore, dismissal is proper for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

**D.     Plaintiff fails to allege facts sufficient to delineate which substantive violation is at issue under Plaintiff's Section 1983 claim.**

"Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). "To advance a successful claim under 42 U.S.C. § 1983, a plaintiff must '(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged violation was committed by a person acting under the color of state law.'" *Kallinen v. Newman*, No. 22-20383, 2023 WL 2645555, at *2 (5th Cir. Mar. 27, 2023) (quoting *Whitley v. Hanna*, 726. F.3d 631, 638 (5th Cir. 2013)).

As to the first component, Plaintiff fails to specify which Constitutional right is at issue, which obstructs the School District from determining whether Plaintiff has alleged the elements necessary to properly plead a certain cause of action. In other words, Plaintiff pleaded the procedural vehicle (Section 1983) but did not properly plead an underlying substantive violation. Plaintiff's first cause of action appears to be a "Claim for Civil Rights Violations (42 U.S.C. § 1983)." [Doc. 1 at ¶ 5.1-5.10]. However, Plaintiff broadly alleges:

> The Defendant, through its actions and omissions, deprived the Minor Plaintiff, C.M.J.A., of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically under the Fourteenth Amendment which guarantees equal protection and due process under the law.

[Doc. 1 at ¶ 5.1]. Thus, it is not clear whether the only constitutional violations Plaintiff alleges are (1) equal protection and (2) due process under the Fourteenth Amendment, or whether there are other "rights, privileges, or immunities" at issue.

As one example, to state an equal-protection claim, the plaintiff must allege the student (1) "received treatment different from that received by similarly situated individuals" and (2) "the unequal treatment stemmed from a discriminatory intent." *Adams v. Springtown Indep. Sch. Dist.*, No. 4:22-CV-00695-BP, 2023 WL 2518858, at *4 (N.D. Tex. Mar. 14, 2023) (quoting *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015)). And to establish discriminatory intent, the plaintiff must allege and prove "that the decision maker singled out a particular group for disparate treatment and selected her course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id*. (cleaned up).

Plaintiff fails to allege such facts. For example, Plaintiff does not allege differential treatment from that received by similarly-situated individuals; rather, Plaintiff alleges "C.M.J.A. was the only student with special needs at Highlands Elementary School." [Doc. 1 at ¶ 4.3]. As to due process, Plaintiff does not allege whether the claim is for substantive or procedural due process, which each require separate allegations and proof of distinct elements.

In sum, because Plaintiff fails to specify which substantive federal laws are at issue under the Section 1983 claim, Plaintiff fails to allege necessary elements, as well as facts sufficient to show a plausible cause of action. Therefore, Plaintiff fails to state a Section 1983 Claim under Rule 12(b)(6).

**E.     Plaintiff fails to allege an official policy as the moving force behind a constitutional violation, which is required to support any Section 1983 claim.**

"[A] local government entity like an independent school district cannot be held liable under a respondeat superior theory; the alleged constitutional violation must constitute the official act, policy, or custom of the district." *Moore v. Dallas Indep. Sch. Dist.*, 370 F. App'x 455, 457 (5th Cir. 2010) (citing *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998)). "Under *Monell*, the county, or its employees in their official capacities, could only be liable if the claimed

constitutional deprivation resulted from a policy or custom of the county." *Reese v. Monroe Cnty. Sheriff's Dep't*, 327 F. App'x 461, 464 (5th Cir. 2009) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  Therefore, a "plaintiff alleging a *Monell* claim has two burdens: to plausibly allege (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Holley v. Italy Indep. Sch. Dist.*, No. 3:23-CV-1239-BN, 2024 WL 1396275, at *5 (N.D. Tex. Mar. 31, 2024) (cleaned up) (citing *Sanchez v. Young Cnty.*, Tex., 956 F.3d 785, 791 (5th Cir. 2020)).  Thus, the threshold question "is whether the complained-of act may fairly be said to represent official policy." *Holley v. Italy ISD*, 2024 WL 1396275 at *5. "And, to meet this requirement, a plaintiff may proceed on a *Monell* claim only by identifying (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Id*. (cleaned up).  "The description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).  A policy or custom is official only "when it results from the decision or acquiescence of the municipal officer or body with 'final policymaking authority' over the subject matter of the offending policy." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).  For a Texas public school district, "final policymaking authority lies exclusively with the Board [of Trustees]." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 248 (5th Cir. 2003); Tex. Educ. Code. § 11.151(b).

Here, Plaintiff fails to allege facts sufficient to satisfy any of three elements necessary to proceed on a Section 1983 claim against a public school district.  First, Plaintiff fails to allege any official policy at issue.  There is also no reference to the School District's final policymaking authority: its Board of Trustees.  Further, there is no mention of an official policy by the School

District, much less one that could have proximately caused the tragic loss. Second, Plaintiff fails to allege facts to show a policymaker can be charged with actual or constructive knowledge. Plaintiff asserts sweeping allegations of misconduct, such as: "This was not an isolated incident of negligence, but a pattern of behavior that shows a disturbing disregard for the rights and well-being of students with disabilities." [Doc. 1 at ¶ 1.2]. However, Plaintiff fails to allege specific facts to support these conclusory allegations. Plaintiff does not allege how the Board of Trustees of the School District could have been aware of an unidentified official policy. Third, Plaintiff fails to show causation, how an unidentified official policy was the "moving force" behind any constitutional violation. *Holley v. Italy ISD*, 2024 WL 1396275 at *5. For all such reasons, Plaintiff's Section 1983 claim should be dismissed.

**F.     Plaintiff fails to allege facts sufficient to support causation for any claim.**

The Fifth Circuit has held that a plaintiff seeking recovery against a governmental entity alleging wrongful death under federal law must prove the "causal link" as required by the Texas Wrongful Death Statute. *Slade v. City of Marshall, Tex.*, 814 F.3d 263, 264 (5th Cir. 2016). "That is, a plaintiff seeking to recover under Texas's wrongful death statute must demonstrate that the defendant's wrongful actions more likely than not caused the decedent's death—not just that they reduced the decedent's chance of survival by some lesser degree." *Id.* at 264–65; *De Paz Gonzalez v. Duane*, No. 21-11258, 2023 WL 5769339, at *5 (5th Cir. Sept. 6, 2023). "Proximate cause has two elements: cause in fact and foreseeability." *Taya Agric. Feed Mill Co. v. Byishimo*, No. 22-20239, 2022 WL 17716383, at *2, n. 2 (5th Cir. Dec. 14, 2022) (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005)). "These elements cannot be established by mere conjecture, guess, or speculation." *Id.* If the defendant "merely furnished a condition that made the injuries possible, there can be no cause in fact." *W. Invs., Inc. v. Urena*, 162 S.W.3d at 551.

Here, Plaintiff asserts conclusory allegations such as: "the school district's recklessness was the proximate cause of Plaintiff C.M.J.A.'s death." [Doc. 1 at ¶ 2.2]. But such conclusory allegations fail to state a claim under Rule 12(b)(6). Plaintiff also alleges the School District "contributed" to decedent's passing: "The lack of appropriate supervision and necessary educational adjustments directly contributed to C.M.J.A.'s vulnerability and the tragic incident on January 20, 2023, where she choked and subsequently passed away." [Doc. 1 at ¶ 5.27]. Contributing to an incident is not the same as proximately causing an incident. Plaintiff must allege specific facts to plausibly show proximate cause, not merely a reduction in chance of survival or furnishing a condition that made injury possible (i.e., contributing to an outcome is not sufficient). *Slade v. City of Marshall, Tex.*, 814 F.3d at 264; *W. Invs., Inc. v. Urena*, 162 S.W.3d

at 551; Fed. R. Civ. P. 12(b)(6). Because Plaintiff fails to do so, all Plaintiff's claims should be dismissed under Rule 12(b)(6).

### G. Plaintiff seeks damages unavailable by law.

Plaintiff seeks punitive damages in this case. [Doc. 1 at ¶ 6.1(e)]. However, under any of the claims pleaded by Plaintiff, punitive damages are not recoverable against a governmental entity like a school district. *Skyy v. City of Arlington*, 712 F. App'x 396, 401 (5th Cir. 2017) (punitive damages unavailable for Section 1983 claim) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266 (1981)); *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (punitive damages unavailable for ADA claim); *J.W. v. Paley*, 81 F.4th 440, 448 (5th Cir. 2023) ("Plaintiffs seek compensatory and punitive damages. The IDEA provides neither."). Therefore, all Plaintiff's claims for punitive damages should be dismissed with prejudice. Further, to the extent Plaintiff seeks compensatory damages relating to IDEA allegations, those claims should also be dismissed with prejudice.

### III.  REQUEST FOR RELIEF

For all such reasons, Plaintiff's Original Complaint does not state a claim for which relief could be granted, nor does it establish subject-matter jurisdiction. The School District respectfully asks the Court to dismiss all Plaintiff's claims with prejudice, and for such other and further relief as may be just.

Respectfully submitted,

**LEASOR CRASS, P.C.**
302 W. Broad Street
Mansfield, Texas 76063
Telephone: 682.422.0009

By:  */s/ Grant N. Moore*
Colby Rideout
State Bar No. 24073106
colby@leasorcrass.com
Grant N. Moore
State Bar No. 24097014
grant@leasorcrass.com

**ATTORNEYS FOR DEFENDANT
CEDAR HILL INDEPENDENT SCHOOL DISTRICT**

### CERTIFICATE OF SERVICE

I certify that the foregoing document was served on counsel of record via the Court's electronic-filing system on November 20, 2024.

*/s/ Grant N. Moore*
Grant N. Moore