UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLAUDIA ALBARRAN PEDRAZA, | § | |
| as Next Friend of C.M.J.A., a Minor, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2249-B |
| | § | |
| CEDAR HILL INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Cedar Hill Independent School District ("CHISD")'s Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. 4). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** CHISD's Motion.

## I.

## BACKGROUND

C.M.J.A. was a four-year-old girl who died at a CHISD elementary school when she choked on her lunch. Doc. 1, Compl., ¶¶ 4.1–4.9. C.M.J.A. had Down Syndrome and was the only student with special needs at her school. *Id.* ¶¶ 4.1–4.3. CHISD did not create an Individualized Education Plan ("IEP") for C.M.J.A. *Id.* ¶ 4.2. For example, CHISD did not have an appropriate bathroom procedure for C.M.J.A. *Id.* ¶ 4.3. Instead, C.M.J.A. regularly soiled herself at school and had to wait for family to come to the school to clean her. *Id.* She was isolated from her classmates and denied social interaction. *Id.* ¶¶ 4.10, 5.8. And CHISD did not provide her tailored educational resources or dietary restrictions. *Id.* ¶¶ 4.10, 5.6.

On January 20, 2023, C.M.J.A. died when she choked on a piece of sausage in a meal she received from the school. *Id.* ¶¶ 4.4–4.9. A school employee, the school nurse, and emergency medical services were unable to save C.M.J.A. *Id.* ¶¶ 4.6–4.8.

Plaintiff Claudia Albarran Pedraza, C.M.J.A.'s mother and next friend, now brings claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), and the Individuals with Disabilities Education Act ("IDEA"). *Id.* ¶¶ 5.1–5.29; Doc. 6, Resp., 3. CHISD filed a Motion to Dismiss (Doc. 4), seeking to dismiss each of Pedraza's claims under Rules 12(b)(1) and 12(b)(6). The Court considers the Motion below.

## II.

## LEGAL STANDARDS

A.    *Subject-Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Courts must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant may challenge jurisdiction, including standing, in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Moore v. Bryant*, 853 F.3d 245, 248 n.2 (5th Cir. 2017). When a defendant seeks dismissal under Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction to hear the case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

B.    *Failure to State a Claim*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes

dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotations omitted).

## III.

## ANALYSIS

First, the Court **GRANTS IN PART** and **DENIES IN PART** CHISD's Motion to Dismiss for Lack of Subject-Matter Jurisdiction. Second, the Court **GRANTS IN PART** and **DENIES IN PART** CHISD's Motion to Dismiss for Failure to State a Claim.

A.    *The Court Grants in Part CHISD's Motion to Dismiss for Lack of Subject-Matter Jurisdiction.*

First, the Court grants in part CHISD's Motion to dismiss Pedraza's claims for lack of standing. Pedraza brings § 1983, ADA, and IDEA claims on C.M.J.A.'s behalf as her next friend. *See* Doc. 1, Compl., 1, ¶¶ 5.1–5.29. Pedraza has standing to assert C.M.J.A.'s § 1983 and ADA claims. But the Court dismisses Pedraza's IDEA claim for injunctive relief for lack of standing.

1.    Pedraza Has Standing to Assert § 1983 and ADA Claims.

Under the Texas Survival Act ("TSA"), a personal injury action survives the injured party's death. TEX. CIV. PRAC. & REM. CODE § 71.021. Courts in the Fifth Circuit have found that plaintiffs can bring survival actions for § 1983 and ADA claims. *See Est. of Henson v. Krajca*, 440 F. App'x 341, 350 n.5 (5th Cir. 2011) (§ 1983 claims) (citing *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004)); *Cardella v. CVS Caremark Corp.*, No. CIV.A. 308-CV-1656-M, 2010 WL 1141393, at *1 (N.D. Tex. Mar. 25, 2010) (Lynn, J.) (ADA claims). The TSA allows the "heirs, legal representatives, and estate of the injured person" to bring the decedent's cause of action. *Id.* § 71.021(b).

Here, Pedraza has standing to assert C.M.J.A.'s § 1983 and ADA claims because as C.M.J.A.'s mother, she is one of C.M.J.A.'s heirs. Doc. 6, Resp., 3. A parent is an heir of her deceased child who dies without a spouse or children. *Edwards v. Oliver*, No. 3:17-CV-01208-M, 2023 WL 4921509, at *1 (N.D. Tex. Aug. 1, 2023) (Lynn, J.) (citing TEX. EST. CODE §§ 22.015, 201.001). The Court can reasonably infer that C.M.J.A., a four-year-old child, did not have a spouse or children. *See Vann v. State*, No. 05-10-00451-CR, 2011 WL 1734255, at *3 (Tex. App.—Dall. May 6, 2011, no pet.) (finding a jury could reasonably infer that a child under seven was not married). Therefore, Pedraza has standing to sue for C.M.J.A.'s § 1983 and ADA claims. *See Edwards*, 2023 WL 4921509, at *1 (holding a minor decedent's father had standing to sue on behalf of the minor's estate).

CHISD argues Pedraza fails to "allege any facts qualifying her to recover on behalf of C.M.J.A.'s estate." Doc. 4, Mot., 6. But Pedraza claims to be C.M.J.A.'s mother in her Response. The Court construes this new allegation as a motion to amend the pleadings and considers the allegation that Pedraza is C.M.J.A.'s mother. *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (collecting cases where courts have considered allegations raised in response to a motion to dismiss). Accordingly, Pedraza can bring C.M.J.A.'s § 1983 and ADA claims as C.M.J.A.'s heir.

CHISD also argues Pedraza fails to allege standing under the wrongful death statute. Doc. 4, Mot., 5. However, Pedraza sues on C.M.J.A.'s behalf, so she brings *survival* claims, not wrongful death claims. *Morin v. Ford Motor Co.*, No. 3:07-CV-1700-L, 2009 WL 2486027, at *8 (N.D. Tex. Aug. 12, 2009) (Lindsay, J.) (distinguishing between survival and wrongful death actions) (citing *Sowell v. Dresser Ind.*, 866 S.W.2d 803, 807 (Tex. App.—Beaumont 1993, writ denied)). Therefore, CHISD's wrongful death argument is not relevant, and Pedraza has standing to bring C.M.J.A.'s § 1983 and ADA claims.

2. <u>Pedraza Failed to Allege She has Standing to Assert an IDEA Claim for Injunctive Relief.</u>

Article III of the United States Constitution limits the subject-matter jurisdiction of the federal courts to certain "Cases" and "Controversies." U.S. CONST. art III, § 2. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "In order to have standing, 'a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury.'" *Miss. State*

*Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008) (citing *Hous. Chronicle Publ'g Co. v. City of League City*, 488 F.3d 613, 617 (5th Cir. 2007)). Plaintiffs "must also demonstrate standing with respect to the type of relief they seek." *Adams v. Pearl River Valley Water Supply Dist.*, No. 21-60749, 2022 WL 2829756, at *3 (5th Cir. July 20, 2022) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

Here, Pedraza failed to allege that injunctive relief can redress the harm CHISD allegedly caused by violating the IDEA.[1] *See Barbour*, 529 F.3d at 544. "IDEA requires, among other things, that school officials create an individualized education program (IEP) for each qualifying child." *Burks v. Bogalusa City Sch. Bd.*, 37 F. App'x 88 (5th Cir. 2002) (citing 20 U.S.C. § 1414(d)). Pedraza alleged CHISD violated IDEA by failing to provide C.M.J.A. with an IEP. *See* Doc. 1, Compl., ¶ 4.2. But because of C.M.J.A.'s tragic death, injunctive relief will not redress this harm. *See Adams*, 2022 WL 2829756, at *3. Therefore, Pedraza failed to allege she has standing to assert C.M.J.A.'s IDEA claim for injunctive relief, so the court dismisses it without prejudice.

Accordingly, the Court grants in part CHISD's Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

B.    *The Court Grants in Part and Denies in Part CHISD's Motion to Dismiss for Failure to State a Claim.*

Next, the Court grants in part and denies in part CHISD's Motion to Dismiss under Rule 12(b)(6). The Court grants CHISD's Motion to Dismiss as to Pedraza's § 1983 claims and dismisses

---

[1] Though CHISD does not challenge standing on these grounds, the Court has an "independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 820 (5th Cir. 2022) (quotation omitted).

them without prejudice. The Court denies CHISD's Motion to Dismiss as to Pedraza's ADA claim. However, the Court dismisses Pedraza's claim for punitive damages under the ADA.

    1.      The Court Dismisses Pedraza's § 1983 Claims.

The Court grants CHISD's Motion to Dismiss as to Pedraza's § 1983 claims and dismisses them without prejudice. "To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (internal quotations omitted). To state a § 1983 claim against a school district, a plaintiff must allege her injury was caused by the "execution of a government's policy or custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[W]ithout a predicate constitutional violation, there can be no *Monell* liability." *Loftin v. City of Prentiss*, 33 F.4th 774, 783 (5th Cir. 2022).

Pedraza does not state a § 1983 claim against CHISD because she does not plausibly allege CHISD violated C.M.J.A.'s constitutional rights to due process and equal protection. Because Pedraza fails to allege a constitutional violation, she cannot allege municipal liability against CHISD. *See Monell*, 436 U.S. at 694.

        i.      *Pedraza Fails to Allege a Due Process Violation.*

Pedraza does not plausibly allege CHISD violated the Due Process Clause. Pedraza alleges CHISD deprived C.M.J.A. "of her right to life" in violation of the Due Process Clause.[2] Doc. 1, Pet., ¶¶ 5.7, 5.10. The Due Process Clause prohibits a state from making or enforcing a law that

---

[2] Pedraza also alleges CHISD deprived C.M.J.A. of her right to safety. Doc. 1, Compl., ¶ 5.7. The Court does not consider this claim because the Due Process Clause "does not guarantee certain minimal levels of safety and security." *Saenz v. Heldenfels Bros.*, 183 F.3d 389, 392 (5th Cir. 1999) (quotation omitted).

"deprive[s] any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. To state a § 1983 claim for a due process violation, a plaintiff must allege: (1) she was "deprived of a cognizable constitutional right, . . . (2) the State acted with 'deliberate indifference' to the protected right, . . . and (3) the policies or practices complained of were the direct cause of the constitutional deprivation." *M. D. by Stukenberg v. Abbott*, 907 F.3d 237, 248 (5th Cir. 2018) (citations omitted). "'Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . .'" *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 198 (5th Cir. 2015) (quoting *Alton v. Texas A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999)). "[D]eliberate indifference entails conduct that reflects complete indifference to risk—when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death." *Id.* (quotation omitted).

Pedraza alleges CHISD deprived C.M.J.A. "of her right to life." Doc. 1, Pet., ¶¶ 5.7, 5.10; *see* U.S. CONST. amend. XIV. But Pedraza fails to state a due process claim because she did not allege that CHISD was deliberately indifferent or that CHISD's policy caused C.M.J.A.'s death.

First, Pedraza does not allege CHISD acted with "deliberate indifference" to C.M.J.A.'s right to life. "To act with deliberate indifference, a state actor must consciously disregard a known and excessive risk to the victim's health and safety." *Stukenberg*, 907 F.3d at 252 (quotation omitted). Pedraza failed to allege CHISD disregarded a "known and excessive risk" to C.M.J.A.'s safety. *See id.* Pedraza alleges that the "actions and omissions of the Defendant were intentional, willful, and in reckless disregard of the rights of C.M.J.A., and were done with deliberate indifference to the health, safety, and educational needs of a child with a recognized disability." Doc. 1, Compl., ¶ 5.9. But she fails to plead facts to support this conclusion. Pedraza alleges CHISD failed "to provide necessary

dietary restrictions, supervision, and immediate care tailored to [C.M.J.A.'s] needs as a student with Down Syndrome." *Id.* ¶ 5.6. And she contends C.M.J.A. "did not receive educational resources tailored to her needs as a student with Down Syndrome." *Id.* ¶ 4.10. But she does not allege that choking on particular foods was a "known and excessive risk" to C.M.J.A. or students with Down Syndrome. *See id.* Thus, Pedraza failed to allege CHISD was deliberately indifferent to C.M.J.A.'s right to life when it failed to provide her certain dietary restrictions.

Second, Pedraza fails to allege causation. To allege a due process violation, "plaintiffs must show that the State is the moving force behind the deprivation." *Stukenberg*, 907 F.3d at 253 (quotation omitted). "Thus, the entity's policy or custom must have played a part in the violation of federal law." *Id.* (quotations and alterations omitted). Here, Pedraza fails to allege that CHISD's failure to provide certain dietary restrictions would have prevented C.M.J.A.'s death. She does not allege that had CHISD provided dietary restrictions, they would have restricted sausage from her diet. Neither does she allege CHISD's failure to provide tailored "supervision[] and immediate care" caused C.M.J.A.'s death. Doc. 1, Compl., ¶ 5.6.

To the extent Pedraza aims to base her due process claim on CHISD violating the IDEA by failing to provide an IEP, her claim fails. *See id.* ¶ 5.7. "IDEA violations may not support § 1983 claims." *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 456 (5th Cir. 2010). Because Pedraza fails to allege CHISD was deliberately indifferent or that it caused Pedraza's harm, Pedraza fails to allege a due process violation.

<em>ii.    Pedraza Fails to Allege an Equal Protection Violation.</em>

Pedraza fails to plausibly allege an equal protection violation because she did not allege C.M.J.A was treated differently from similarly situated individuals. "The Equal Protection Clause of

the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. CONST. amend. XIV, § 1). "To maintain an equal protection claim, a plaintiff typically alleges that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 212 (5th Cir. 2009) (quotation omitted). A plaintiff can bring an equal protection claim based on a "class of one." *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 824 (5th Cir. 2007) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)). Under this theory, "the plaintiff must show that (1) he or she was treated differently from others similarly situated and (2) there was no rational basis for the disparate treatment." *Id.*

Pedraza fails to allege an equal protection claim. Pedraza alleges that CHISD "failed to develop and implement an IEP for C.M.J.A., thereby denying her access to educational benefits and opportunities afforded to other non-disabled students." Doc. 1, Compl., ¶ 5.5. As part of this failure, CHISD did not provide dietary restrictions or supervision during mealtimes. *Id.* ¶ 5.6. She also alleges CHISD discriminated against C.M.J.A. "[b]y failing to implement necessary accommodations and modifications." *Id.* ¶ 5.18. These assertions fail to allege an equal protection violation because Pedraza does not allege that any student *did* receive an IEP, dietary restrictions, mealtime supervision, or accommodations and modifications. Therefore, she did not allege C.M.J.A was treated differently from similarly situated individuals. And CHISD's failure to provide an IEP as required by the IDEA "may not support [a] § 1983 claim[]." *D.A. ex rel. Latasha A.*, 629 F.3d at 456.

Furthermore, Pedraza alleges CHISD denied C.M.J.A. social interaction and isolated her from her classmates. Doc. 1, Compl., ¶ 5.8. But she does not allege any facts that would support an inference that C.M.J.A. was isolated based on discriminatory intent. *See Hilton*, 568 F.3d at 212; *see also Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 300 F. Supp. 3d 857, 896 (N.D. Tex. 2018) (Lindsay, J.), *aff'd*, 758 F. App'x 352 (5th Cir. 2019). Neither does she allege facts that C.M.J.A. was isolated without a rational basis. *See Stotter*, 508 F.3d at 824; *see also Reed v. Kerens Indep. Sch. Dist.*, No. 3:16-CV-1228-BH, 2017 WL 2463275, at *17 (N.D. Tex. June 6, 2017) (Ramirez, M.J.) (dismissing a class of one claim when a plaintiff failed to allege there was no rational basis for her son's disparate treatment). Accordingly, Pedraza failed to state a claim for an equal protection violation.

### iii.    The Court Grants Pedraza Leave to Amend her § 1983 Claims.

Pedraza's § 1983 claims are dismissed without prejudice. A plaintiff's failure to plead a claim should not automatically result in dismissal with prejudice. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). Here, because Pedraza could state a § 1983 claim with more facts, the Court grants leave to amend. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (noting courts consider futility of amendment when determining whether to grant leave).

### 2.    The Court Denies CHISD's Motion to Dismiss as to Pedraza's ADA Claim.

Next, the Court denies CHISD's Motion to dismiss Pedraza's ADA claim. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim for discrimination under Title II, a plaintiff must allege "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is

responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (citation omitted).

Pedraza plausibly alleged the first two elements of her Title II claim. She states C.M.J.A. had Down Syndrome, a qualifying disability under the ADA. Doc. 1, Compl., ¶ 5.13; *see also Doe v. Tex. A&M Univ.*, 634 F. Supp. 3d 365, 381 (S.D. Tex. 2022) (discussing a plaintiff's Down Syndrome as a qualifying disability). And she alleges that CHISD is a government entity that denied her services. *Id.* ¶¶ 3.2, 5.14–5.18.

Pedraza also plausibly alleged the third element of her Title II claim. "A plaintiff can satisfy the third prong by advancing a theory of failure to accommodate." *McGee v. City of Austin*, No. 1:23-CV-00820-DII, 2024 WL 3262304, at *4 (W.D. Tex. June 28, 2024), *report and recommendation adopted*, 2024 WL 4339997 (W.D. Tex. Sept. 26, 2024). To state a failure-to-accommodate claim, a plaintiff must allege: "(1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015). "When a plaintiff fails to request an accommodation . . . , he can prevail only by showing that the disability, resulting limitation, and necessary reasonable accommodation were open, obvious, and apparent to the entity's relevant agents." *Smith*, 956 F.3d at 317–18. The Fifth Circuit has held "that well-understood and outwardly visible disabilities such as blindness, deafness, or being wheelchair-bound can present situations where the disability, resulting limitation, and reasonable accommodation are apparent." *Taylor v. Hartley*, 488 F. Supp. 3d 517, 545 (S.D. Tex. 2020) (citing *Windham v. Harris Cnty.*, 875 F.3d 229, 238 (5th Cir. 2017)).

Pedraza plausibly alleged the discrimination C.M.J.A. suffered was by reason of her disability. Pedraza does not allege that C.M.J.A. requested an accommodation, so she must have alleged that C.M.J.A.'s "disability, resulting limitation, and necessary reasonable accommodation were open, obvious, and apparent to the entity's relevant agents." *Smith*, 956 F.3d at 317–18. Pedraza alleged that CHISD was aware of C.M.J.A.'s Down Syndrome because "her enrollment records indicat[ed] her condition." Doc. 1, Compl., ¶ 5.15. And she alleges sufficient facts for the Court to infer that the necessary reasonable accommodation was open, obvious, and apparent. *See Smith* 956 F.3d at 317–18. For example, she contends that C.M.J.A. needed more tailored supervision. Doc. 1, Compl., ¶¶ 5.15–5.18. Absent this supervision, C.M.J.A. was left "to regularly soil herself without any alternative other than to wait for a family member to come to the school to clean her." *Id.* ¶ 4.3. The Court draws the reasonable inference that the need for an accommodation of increased supervision was open and obvious based on the number of times she soiled herself. Accordingly, Pedraza stated an ADA claim.

CHISD's Motion does not even mention Pedraza's ADA claim. Instead, it argues Peraza "fails to allege facts sufficient to support causation for any claim" because she did not allege proximate cause for a wrongful death suit. Doc. 4, Mot., 11. But Pedraza's ADA claim is a survival claim. *See Clayton v. U.S. Xpress, Inc.*, 538 F. Supp. 3d 707, 713–14 (N.D. Tex. 2021) (Lindsay, J.) ("The purpose of the survival act is to continue the decedent's cause of action beyond death to redress the decedent's estate for the injuries the decedent suffered while alive.") (quotations and citations omitted). Pedraza did not need to allege causation to support C.M.J.A.'s ADA claim. She had to allege the elements the Court discussed above. The Court finds that she did. *Cf. Doe*, 634 F. Supp. 3d at 381–82 (finding plaintiff stated a claim for ADA discrimination when the defendant

knew she had Down Syndrome and her parents requested supervision for her). Therefore, CHISD's Motion to Dismiss as to Pedraza's ADA claim is denied.

>3.    The Court Grants CHISD's Motion to Dismiss as to Pedraza's IDEA Claim.

Next, the Court finds Pedraza failed to state a claim for an IDEA violation. Because the Court dismissed Pedraza's claim for injunctive relief under IDEA, the Court now considers only her claims for compensatory and punitive damages. Neither form of relief is recoverable under IDEA. *J.W. v. Paley*, 81 F.4th 440, 448 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 2658 (2024). Therefore, Pedraza's claims for compensatory and punitive damages under the IDEA are dismissed with prejudice.

>4.    Pedraza's Claims for Punitive Damages are Dismissed in Part.

The Court dismisses Pedraza's claim for punitive damages with respect to her ADA claim because the ADA does not provide punitive damages. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

CHISD also moves to dismiss Pedraza's claim for punitive damages flowing from her § 1983 claim. The Court does not reach this issue because it dismissed Pedraza's § 1983 claim.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** CHISD's Motion to Dismiss (Doc. 4). The Court **DISMISSES** Pedraza's § 1983 claim and IDEA claim for injunctive relief **WITHOUT PREJUDICE**. The Court **DISMISSES** Pedraza's IDEA claim for punitive and compensatory damages **WITH PREJUDICE**. The Court **DISMISSES** Pedraza's ADA claim **WITH PREJUDICE** insofar as she seeks punitive damages. Otherwise, Pedraza's ADA claim survives. Should Pedraza elect to file an amended complaint, she must do so on or before September 4, 2025.

SO ORDERED.

SIGNED: August 14, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE